JAMES E. CORCORAN, Guardian, appellant, *vs.* HENRY W. ALLEN, Guardian.

A guardian who pays claims against his ward before exhibiting to the Probate Court the list of claims required by Gen. Stat. R. I. cap 154, § 20, is not guilty of a wrong which prevents his charging the payments against his ward's estate, but assumes the risk of the insolvency of the ward's estate, and of the rejection by the Probate Court of the claims paid.

A charge made by a guardian for his ward's board at an insane asylum is proper, if the ward's estate is sufficient to justify the expenditure; and the charge should not be disallowed because the asylum bill has not been paid, as the guardian is personally liable for such bill.

A guardian cannot lawfully continue the business of his ward, nor can he charge the ward's estate with losses incurred in continuing such business.

*Semble*, that if the ward's business was unlawfully continued by the guardian, and with profit, the ward's estate would not be allowed to take the profit without discharging the incident debts.

APPEAL from the Probate Court of Providence.

*July* 14, 1877. DURFEE, C. J. This is an appeal from a decree of the Municipal Court of the city of Providence, — the court exercising probate jurisdiction in said city, — settling the account of James E. Corcoran as guardian of the person and estate of Patrick H. Corcoran. James E. Corcoran received his appointment as guardian on the 13th day of May, 1873, the said Patrick, who was of full age, and who had been theretofore engaged in business as a tinman, being then adjudged to be insane. The account was presented to the Municipal Court, April 18, 1876; the decree of the Municipal Court was entered June 6, 1876; and numerous items of the account being disallowed, an appeal is taken from the decree by the guardian to this court.

The account contains three principal classes of charges against the estate, to wit : First, charges for debts paid by the guardian, but incurred by the ward before being put under guardianship ; second, charges for what are claimed to have been necessaries furnished or procured for the ward ; and third, charges for expenditures by the guardian in continuing to carry on the business of the ward after his appointment.

The first class of charges is objected to, not because the debts paid were not valid claims against the estate, but because the guardian paid them before exhibiting a list of them to the Probate Court, as directed by Gen. Stat. R. I. cap. 154, § 20. The provision is as follows : —

" He shall also, before making payment to any one, exhibit to said court a list of all the claims presented against his ward, noting thereon such as are allowed by him, and such as are rejected in whole or part."

The appellee contends that a guardian who pays the debts of his ward before exhibiting such a list pays them so completely in his own wrong that he cannot be allowed to charge the estate, though the estate is relieved by the payment. We think this construction is too extreme. A guardian who thus pays the debts of his ward runs a double risk. If he pays a debt which he ought not to have paid, he cannot be permitted to charge the estate, however honestly and circumspectly he may have acted. Or again, if he pays a debt in full, he must, if the estate turns out to be insolvent, submit to be repaid *pro rata* with the other creditors. But we think it is enough for the court thus to treat the claims in the hands of the guardian as if they were still in the hands of the original creditors, and were exhibited by the guardian for allowance, and to allow them or not, according to their merit, to be paid in full or not, according to the condition of the estate. The charges contained in the first class are therefore allowed.

The second class is not objected to as a class. It includes, however, a charge of $705.00 for the ward's support at the Butler Asylum for the Insane. This is objected to, because the asylum has not yet been paid by the guardian, and because the expenditure was unwarranted. We think, however, that the estate, as inventoried, was not so small but that the guardian might sup-

port his ward at the asylum, as long as he did, in the hope that he might recover or be benefited by the treatment. Gen. Stat. R. I. cap. 154, §§ 32, 35. The fact that the guardian has not paid the asylum ought not to prevent the allowance, for the guardian is personally chargeable, not the ward's estate.

The third class of charges must be disallowed. It was entirely unlawful for the guardian to continue the business of the ward. If he had carried it on at a profit, the ward doubtless would not be permitted to reap the benefit without discharging the burden; but it appears that he has carried it on at a loss, and he must account for the property received by him, without deduction for any loss so unlawfully incurred.

The account, revised as indicated by this opinion, will be allowed.                                                      *Order accordingly.*

   *Sayles & Greene,* for appellant.
   *Simon S. Lapham,* for appellee.